# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK GERKIN AND JOELLE GERKIN | CIVIL ACTION |
| VERSUS | NO: 09-5849 |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST | SECTION: "C" (3) |

## ORDER & REASONS

On July 6, 2009, the Court dismissed a lawsuit regarding the same claims as the instant case. (Civil Action No. 09-1640, Rec. Doc. 12). Plaintiffs appealed to the Fifth Circuit. (Civil Action No. 09-1640, Rec. Doc. 13).

On July 14, 2009, plaintiffs filed a complaint in Louisiana District Court. (Rec. Doc. 1-4), and on August 21, 2009, defendants filed a Notice of Removal with this Court. (Rec. Doc. 1). On August 25, 2009, the Court ordered that the parties had until October 1, 2009, to submit memoranda addressing whether the claims in this matter meet the jurisdictional minimum. (Rec. Doc. 4).

Neither party filed responsive memoranda. Instead, defendant filed a "Motion to Dismiss or Alternatively for a Stay Pursuant to the First to File Rule." (Rec. Doc. 5). However, because parties may neither consent to nor waive federal subject matter jurisdiction, *see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999), the Court cannot proceed to the merits of

defendant's motion without first being satisfied that the jurisdictional amount is met.  The Court therefore issued an Order to Show Cause on October 16, 2009, requiring responses in writing as to why the parties should not be sanctioned for failing to comply with the August 25 order. (Rec. Doc. 8).  The Court also requested that the parties indicate whether the facts of the case had materially changed since the Court dismissed the previous case.  (Rec. Doc. 8).

On October 21, 2009, defendant filed a Response and accompanying jurisdictional memorandum.  (Rec. Docs. 9-10).  Defendants assert that plaintiff's state court petition "brings the jurisdictional issue into sharper focus."  (Rec. Doc. 9 at 2).  They also argue that plaintiff's alleged refusal to stipulate that the claim is worth less than $75,000 sent a "clear signal" that the damages they seek meet the jurisdictional minimum.  (Rec. Doc. 9 at 2).

On November 11, 2009, plaintiffs filed comparable memoranda.  (Rec. Docs. 14, 15).  As they did in their earlier litigation, plaintiffs base their arguments regarding the jurisdictional minimum primarily on plaintiffs' estimate of the damages claims and on the policy limits.  (Rec. Doc. 14 at 1).  They note they have refused to stipulate that the claim is worth less than $75,000 for fear of being inconsistent with their position on appeal to the Fifth Circuit.  (Rec. Doc. 15 at 1).

The parties have alleged no new facts and presented no new evidence to establish that the jurisdictional minimum is satisfied.  For the reasons set forth more fully in the Order and Reasons dismissing the previous lawsuit, *Gerkin v. Hartford Ins.*, 2009 WL 2020852 (E.D.La.), the Court finds that the parties have not established the jurisdictional minimum and consequently have not established subject matter jurisdiction.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of November, 2009.

						_____
						**HELEN G. BERRIGAN**
						**UNITED STATES DISTRICT JUDGE**